[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-14743
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 27, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00021-CR-5-21-RS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GIUSEPPE CURELLA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 27, 2007)

Before EDMONDSON, Chief Judge, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Giuseppe Curella ("Defendant") appeals his sentence of 150 months' imprisonment for conspiracy to distribute and possession with intent to distribute more than 50 grams (actual) and 500 grams (mixture) of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 846. We see no reversible error; and we affirm.

The record shows that Defendant and a co-conspirator, Wesley Wayne Adkins ("Adkins"), transported drugs from California to Panama City, Florida, where they separated while Defendant met with prospective buyers. After local law enforcement responded to a call reporting suspicious activity at a convenience store, Adkins admitted that controlled substances were located in a nearby vehicle and was arrested. After Miranda warnings, Adkins admitted to the drug conspiracy and showed police where he had hidden a gun just before the police's arrival at the convenience store. After impoundment of the vehicle, a routine search uncovered 850 grams (mixed) and 611.6 grams (actual) of methamphetamine, some drug paraphernalia, and several forms of identification for Defendant.

Defendant pleaded guilty to all counts of the indictment. The Pre-Sentencing Investigation Report ("PSI") proposed a sentencing range of 135 to 168 months' imprisonment, based on the drug quantity involved, the possession of

a firearm by a co-conspirator, and Defendant's acceptance of responsibility and criminal history. The PSI also referenced Defendant's many earlier drug and stolen property-related arrests. At the sentencing hearing, Defendant did not object to the PSI, but requested a reduced sentence of 120 months' imprisonment, based on several factors, including: (1) Adkins's reduced sentence;[1] (2) Defendant's education and previous employment; (3) Defendant's lack of criminal history, including the lack of convictions for ten years and the lack of conviction on the arrests referenced in the PSI; (4) Defendant's cooperation with investigators; and (5) the advisory nature of the Guidelines.

In denying Defendant's request for a downward departure and announcing the 150-month sentence, the district court stated that "what [Defendant requested] might be appropriate for a novice who had sort of stumbled unwisely on their first adventure, but from what I see here, even though there may not have been arrests or whatever, [Defendant] is certainly a seasoned veteran in the eyes of law enforcement." The court also noted that Defendant had already received a safety-valve reduction for his cooperation with investigators and did not merit an additional reduction. The court then adopted the PSI's sentencing calculation and

---

1 Adkins was sentenced to 108 months' imprisonment for the drug conviction and for illegal possession of a firearm. Adkins's sentence was based in part on a reduction under U.S.S.G. § 5K1 for substantial assistance.

concluded that the mid-range sentence was appropriate "[u]pon review of all factors properly considered under 18 U.S. Code, section 3553(a), and taking into account the advisory nature of the United States Sentencing Guidelines. . . ."

On appeal, Defendant argues that the sentence is unreasonable because the district court did not give proper weight to the section 3553(a) mitigating factors and relied too heavily on the Guidelines. He specifically contends that the sentencing court did not consider his continued employment, college education, or that the crime was motivated by his own drug use. He also argues that the Court did not give proper weight to his lack of criminal history and failed to consider Adkins's reduced sentence and Defendant's lack of connection to the firearm Adkins hid from the police.[2] And, he asserts that the Guidelines' heavy reliance on drug quantity resulted in an unreasonable sentence.

Pursuant to the Supreme Court's instructions in United States v. Booker, 543 U.S. 220, 264-65, 125 S. Ct. 738, 767, 160 L. Ed. 2d 621, we review a defendant's ultimate sentence for reasonableness.[3] United States v. Williams, 435

_____

2 Defendant does not explicitly argue that the firearm enhancement was improperly applied to him. Thus, he has waived the argument. See United States v. Gupta, 463 F.3d 1182, 1195 (11th Cir. 2006). In any event, Defendant acknowledges that he did not challenge in the district court the firearm enhancement and concedes that the government proffered that Adkins would state that Defendant knew about the gun.

3 Defendant urges de novo review, but Booker clearly requires us to review an ultimate sentence for reasonableness. Booker, 543 U.S. at 264-65. The Government, in turn, argues that we should

4

F.3d 1350, 1353 (11th Cir. 2006). This review is "deferential," and "the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in light of both th[e] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). Although a sentence within the Guidelines range is not per se reasonable, we have noted that we would "ordinarily" expect such a sentence to be reasonable. Id.; see also Rita v. United States, 127 S. Ct. 2456, 2462-63 (2007) (concluding that court of appeals may apply non-binding presumption of reasonableness to a properly calculated Guidelines-range sentence).

Contrary to Defendant's assertions, a review of the record shows that the district court in this case considered Defendant's arguments and the section 3553(a) mitigating factors in imposing a sentence at the middle of the applicable Guidelines range and well below the statutory maximum of life imprisonment. The district court's reliance on the Guidelines range was not erroneous, as the court did take the section 3553(a) factors into account and the sentence was ultimately case-specific. See United States v. Hunt, 459 F.3d 1180, 1185-86 (11th Cir. 2006) (upholding sentence as reasonable where the court expressly

review only for plain error because Defendant did not raise a specific objection to the reasonableness of his sentence below. But, we need not resolve that question here because of our conclusion that Defendant's sentence satisfies the higher reasonableness standard.

5

acknowledged that it had considered the section 3553(a) factors and "ultimately decided to give considerable weight to the Guidelines in this case"). The court was not required to analyze specifically and accept or reject each of Defendant's arguments. See United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005) (stating that "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors"); accord Rita, 127 S. Ct. at 2469 ("Where... the record makes clear that the sentencing judge considered the evidence and arguments, we do not believe the law requires the judge to write more extensively.").

As in Scott, the district court heard lengthy arguments from Defendant and his counsel on circumstances that might warrant a reduced sentence and specifically responded to some of Defendant's arguments, including his criminal history argument. Adkins received a reduced sentence because he implicated Defendant and informed police about the gun, which otherwise may not have been discovered; the district court could therefore reasonably view Adkins's cooperation as more substantial. And, we have earlier rejected Defendant's argument that the perceived harshness of penalties for drug offenders is an appropriate basis for a lower sentence. See Williams, 456 F.3d at 1367 (noting

6

that a court's general disagreement with Congress's policy decision regarding the severity of punishment for crack cocaine offenses is an improper basis for sentencing).

When coupled with the court's statement that it had considered the section 3553(a) factors, the transcript adequately shows consideration of section 3553(a). See Scott, 426 F.3d at 1329-30 (noting that such a "statement alone is sufficient in post-Booker sentences"). Therefore, we conclude that Defendant has failed to show that the district court did not comply with Booker. Because the district court imposed a reasonable sentence after considering the factors listed in U.S.C.A. § 3553(a), we affirm Defendant's sentence.

AFFIRMED.